# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | | |
|---|---|---|
| TAMARA BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 19-cv-2887-TLP-tmp |
| | ) | |
| MARLON KING, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Before the court is a motion to dismiss filed by defendants Marlon King, Fayette County Schools Board, and Fayette County Schools (collectively "defendants") on May 15, 2020.[1] (ECF No. 16.) Plaintiff Tamara Brown filed a *pro se* response on July 9, 2020. (ECF No. 19.) For the reasons set forth herein, the undersigned recommends that the motion to dismiss be granted.

## I. PROPOSED FINDINGS OF FACT

Tamara Brown was formerly employed as a teacher for Fayette County School District. (ECF No. 1, at 1.) Brown filed an electronic complaint with the U.S. Department of Education requesting that a Title IX sexual harassment incident be

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management and for all pretrial matters for determination or report and recommendation, as appropriate.

investigated. The Department of Education did not accept the complaint and instructed Brown to file a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). (Id.) According to the complaint, Brown reported her concerns to the EEOC and was issued a right to sue letter. (Id.)

Brown's complaint includes allegations of students acting inappropriately towards teachers and other students, a lack of parental involvement, and inadequate teacher training regarding students with attention deficit hyperactivity disorder (ADHD). (Id. at 1-2.) Brown asserts that a parent made false claims against her to the district and that she received a letter stating she was "incompetent and insubordinate" after she reported to the school board that a student threatened to strike her. (Id.) Finally, Brown alleges that "something inappropriate" occurred during her final observation, which resulted in her being "scored unfairly." (Id. at 2.)

## II. PROPOSED CONCLUSIONS OF LAW

### A. Standard of Review

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Barnett v. Luttrell, 414 F. App'x 784, 786 (6th Cir. 2011) (internal quotation marks omitted). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369 (6th Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). While the court must view the factual allegations in the light most favorable to the plaintiff, the court need not "accept as true legal conclusions or unwarranted factual inferences, and [c]onclusory allegations or legal conclusions masquerading as factual allegations will not suffice." In re Travel Agent Comm'n Antitrust Litig., 583 F.3d 896, 903 (6th Cir. 2009) (internal quotation marks omitted).

Although courts construe *pro se* complaints liberally, "[t]he basic pleading essentials are not abrogated in *pro se* cases." Matthews v. City of Memphis, No. 2:14-cv-02094, 2014 WL 3049906, at *3 (W.D. Tenn. July 3, 2014) (citing Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989)); see also Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996) ("[T]he lenient treatment generally accorded to *pro se* litigants has limits."). In other words, even *pro se* complaints must satisfy the plausibility standard. See Barnett, 414 F. App'x at 786. "Courts 'have no obligation to act as counsel or paralegal' to *pro se* litigants." Matthews, 2014 WL 3049906, at *3 (quoting Pliler v. Ford, 542 U.S. 225, 231 (2004)). "Courts are also not 'required to create' a *pro se* litigant's claim for him." Id. (quoting Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003)).

**B.   Title VII Claims**

Title VII prohibits discrimination by employers "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."  42 U.S.C. §2000e-2(a)(1).  While Brown's complaint discusses the derivation of Title VII protections, it is unclear as to what type of Title VII claims Brown intends to assert. It was not until Brown's response to the motion to dismiss that she stated her intent to assert retaliation and wrongful termination claims. Such a deficiency is sufficient, on its own, to justify dismissal. See Koshani v. Barton, 2018 U.S. Dist. LEXIS 107565, 2018 WL 3150345, at *3 (E.D. Tenn. June 27, 2018) ("On a Rule 12(b)(6) motion to dismiss, the Court normally has to confine its analysis to the allegations within the four corners of the complaint."); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (a complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests'") (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Accordingly, the undersigned recommends that the motion to dismiss be granted as it relates to Brown's Title VII claims.[2]

---

[2] To the extent Brown is attempting to assert an Equal Pay Act claim, the complaint also fails to state a claim. The only mention of the Equal Pay Act in the complaint is in the following sentence: "The law provides workers with protection from acts of employment retaliation committed against them under Title VII as well as under the Equal Pay Act." (ECF No. 1, at 1.) Without any factual

Even if the court were to consider Brown's Title VII claims, however, the complaint would nevertheless fail to survive the Rule 12(b)(6) standard. "To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) he acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against him; and (4) the adverse action had a causal connection to the protected activity." <u>Hood v. City of Memphis Pub. Works Div.</u>, No. 17-2869, 2018 U.S. Dist. LEXIS 17622, 2018 WL 2387102, at *5 (W.D. Tenn. Jan. 8, 2018) (citing <u>Morris v. Oldham Cty. Fiscal Court</u>, 201 F.3d 784, 792 (6th Cir. 2000)). "[T]here are two types of 'protected activity' for purposes of a Title VII retaliation claim: (1) 'oppos[ing] any practice made an unlawful employment practice' by Title VII, and (2) making a charge, testifying, assisting, or participating in an 'investigation, proceeding, or hearing' under Title VII." <u>Id.</u> (quoting 42 U.S.C. § 2000e-3(a)). In this case, Brown has not alleged that she acted in a manner protected by Title VII, that defendants knew of any exercise of protected activity, or that the defendants took any adverse action against her as a result. Accordingly, Brown's retaliation claims should be dismissed.

---

allegations to support a claim under the Equal Pay Act, the claim should be dismissed.

As for Brown's wrongful termination claim, Brown does not actually allege in her complaint that the Fayette County School Board terminated her employment or any facts that would permit such an inference.[3] Nor does the complaint contain any allegations of termination based on a class protected by Title VII or any other civil rights statute. Accordingly, to the extent that Brown seeks to assert a wrongful termination claim, her complaint fails to state a claim and should be dismissed. See Barnett, 414 F. App'x at 786 ("To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.") (internal quotation marks omitted).

**C. Title IX Claims**

It is also unclear from the complaint whether Brown seeks to assert Title IX claims against defendants. While Brown alleges that she reported a Title IX incident to the U.S. Department of Education and the EEOC, the complaint discusses only Title VII protections. (ECF No. 1, at 1.) Similarly, Title VII is the only cause of action listed in the Civil Cover Sheet attached to the complaint. (ECF No. 1-2, at 2.) It was not until her response to

---

[3]In responding to defendants' motion to dismiss, Brown alleges that she "was given a non-renewable notice for rehire" (ECF No. 19, at 4), but the court's review at the Rule 12(b)(6) stage is limited to the allegations contained in the complaint. See Koshani v. Barton, 2018 U.S. Dist. LEXIS 107565, 2018 WL 3150345, at *3 (E.D. Tenn. June 27, 2018) ("On a Rule 12(b)(6) motion to dismiss, the Court normally has to confine its analysis to the allegations within the four corners of the complaint.").

the motion to dismiss that Brown stated her intent to assert a Title IX retaliation claim. (ECF No. 19, at 2.) As discussed above, the lack of notice to defendants of the claims against them warrants dismissal. See Twombly, 550 U.S. at 555.

Even if the court were to consider Brown's Title IX claims, however, the complaint would nevertheless fail to survive the Rule 12(b)(6) standard. Congress enacted Title IX "to prevent sexual discrimination and harassment in educational institutions receiving federal funding." Doe v. Belmont Univ., 367 F. Supp. 3d 732, 755 (M.D. Tenn. Mar. 13, 2019) (citations omitted); see also 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied benefits of, or be subjected to discrimination under any education program receiving Federal financial assistance[.]"). "Retaliation against a person because that person has complained of sex discrimination is another form of intentional sex discrimination encompassed by Title IX's private cause of action." Jackson v. Birmingham Bd. of Educ., 544 U.S. 167, 173 (2005).

"Title IX retaliation claims are generally analyzed using the same standards as Title VII retaliation claims." Doe, 367 F. Supp. 3d at 755 (citing Fuhr v. Hazel Park Sch. Dist., 710 F.3d 668, 673 (6th Cir. 2013), abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338 (2013)). "To establish a prima facie case of Title IX retaliation, a plaintiff must show that 1)

[she] engaged in a protected activity under Title IX; 2) this activity was known to the defendant; 3) the defendant, thereafter, took an adverse school-related action against [her]; and 4) a causal connection exists between the protected activity and the adverse school-related action." Id. at 756 (citing Fuhr, 710 F.3d at 674). Brown alleges that she filed an electronic complaint with the U.S. Department of Education, requesting an investigation of a possible Title IX incident. (ECF No. 1, at 1.) Brown also alleges that she filed a similar report with the EEOC. (Id.) Brown does not, however, allege when she engaged in this activity. More importantly, Brown does not allege that defendants knew that she engaged in this activity. Brown also fails to sufficiently allege that defendants took any adverse school-related action against her with a causal connection to her protected activity. Brown alleges that she received a letter calling her "incompetent and insubordinate" after she reported a student's verbal abuse to the school board. (ECF No. 1, at 1.) Even assuming *arguendo* that this qualifies as an adverse school-related action,[4] Brown does not

---

[4]Brown also alleges that "something inappropriate" occurred during her final observation, which resulted in her being "scored unfairly." (ECF No. 1, at 2.) The allegation that "something inappropriate" occurred is too vague to survive a Rule 12(b)(6) motion to dismiss. See Barnett v. Luttrell, 414 F. App'x at 786. In addition, Brown does not attribute this conduct to defendants or allege when it occurred. Accordingly, this allegation does not plausibly establish an adverse school-related action sufficient to sustain a Title IX retaliation claim.

plausibly allege a causal connection to her protected activity. Brown does not allege when she received the letter or provide any other allegations sufficient to permit an inference of any causal connection between the letter and her protected activity. Accordingly, Brown's Title IX retaliation claims should be dismissed.

**D.  Supplemental Jurisdiction**

Brown also seeks to bring several state law claims against defendants. Because the complaint fails to state a claim against any defendant under Title VII or Title IX, the court should decline to exercise supplemental jurisdiction over the state law claims. See 28 U.S.C. § 1367(c)(3) ("The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."); see also Matthews v. City of Collierville, No. 13-2703-JDT-tmp, 2014 WL 69127, at *7 (W.D. Tenn. Jan. 8, 2014). Accordingly, it is recommended that all state law claims be dismissed without prejudice.

### III. RECOMMENDATION

Based on the above, the undersigned recommends that the motion to dismiss be granted.

Respectfully submitted,

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      Chief United States Magistrate Judge

<u>October 7, 2020</u>
Date


**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**