IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| TAMARA BROWN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 2:19-cv-02887-TLP-tmp |
| v. ) | |
| ) | |
| MARLON KING, FAYETTE COUNTY ) | |
| SCHOOLS BOARD, and FAYETTE ) | |
| COUNTY SCHOOLS, ) | |
| ) | |
| Defendants. ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Plaintiff sued pro se alleging Defendants violated Title VII under the Civil Rights Act of 1964 ("Title VII"). (ECF No. 1.) Defendants moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 16.) And under Administrative Order No. 2013-05, this Court referred this case to the United States Magistrate Judge for management and for all pretrial matters. The Magistrate Court issued a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss. (ECF No. 20.) For the reasons below, the Court **ADOPTS** the R&R, **GRANTS** Defendants' motion to dismiss, and **DISMISSES** this action **WITHOUT PREJUDICE**.

**THE REPORT AND RECOMMENDATION**

**I.     The Complaint**

Plaintiff was a teacher for Fayette County School District, and the allegations in her complaint stem from alleged issues during her employment. (ECF No. 20.) The Magistrate Court summarized stating,

> Brown's complaint includes allegations of students acting inappropriately towards teachers and other students, a lack of parental involvement, and inadequate teacher training regarding students with attention deficit hyperactivity disorder (ADHD). Brown asserts that a parent made false claims against her to the district and that she received a letter stating she was "incompetent and insubordinate" after she reported to the school board that a student threatened to strike her. Finally, Brown alleges that "something inappropriate" occurred during her final observation, which resulted in her being "scored unfairly."

(*Id.* at PageID 82.)

## II.   Title VII Claims

First, the Magistrate Court addressed Plaintiff's Title VII claims. (*Id.* at PageID 84.) It explained that Title VII "prohibits discrimination by employers against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." (*Id.*) But Plaintiff's complaint fails to identify clearly the type of Title VII claim she asserts. (*Id.*) In Plaintiff's response to the motion to dismiss, she mentions retaliation and wrongful termination claims, but the problem is that this Court must limit its analysis to the complaint. (*Id.*) Otherwise, Defendant will not have fair notice of the claims and the grounds on which they rest. (*Id.*) And so, the Magistrate recommended the Court dismiss Plaintiff's Title VII claims, because she does not clearly set forth her alleged grounds for that relief in her complaint. (*Id.*)

That said, the Magistrate Court went a step further explaining that even considering the retaliation and wrongful termination allegations, Plaintiff's Title VII claims would still fail. (*Id.* at PageID 85.) For retaliation, the plaintiff must allege that (1) she acted in a manner protected by Title VII; (2) Defendant knew of this exercise of protected activity; (3) Defendant later took an adverse action against her; and (4) that adverse action had a causal connection to the protected activity. (*Id.*) Plaintiff did not allege these factors, and so the retaliation claim fails. (*Id.*) As for the wrongful termination claim, Plaintiff does not allege in her complaint that the Fayette County

School Board terminated her. (*Id.* PageID 86.) And so, the Magistrate Court found that this claim also fails. (*Id.*)

### III. Title IX Claims

The Magistrate Court then addressed Plaintiff's potential claim under Title IX of the Education Amendments of 1972 ("Title IX"). (*Id.*) The complaint does not show that Plaintiff asserts a colorable Title IX claim against Defendants. (*Id.*) And the Civil Cover Sheet lists Title VII as the only cause of action. (*Id.*) But in her complaint, Plaintiff claims she reported a Title IX incident to the Department of Education and the EEOC; yet, the complaint only references Title IX protections—not a claim under that provision. (*Id.*) In her response to the motion to dismiss here, Plaintiff mentions a Title IX retaliation claim. But again, when addressing a motion to dismiss, the Court's analysis is limited to the allegations in the complaint. (*Id.* at PageID 87.) And so, if Plaintiff is trying to assert a Title IX claim, it fails because she did not make her claim in the complaint. (*Id.*) The Magistrate Court noted that even if it were to analyze the Title IX retaliation claim, it would still fail because Plaintiff did not allege the elements necessary for a Title IX retaliation claim. (*Id.* at PageID 87–88.) This Court agrees.

### IV. Supplemental Jurisdiction

Finally, the Magistrate Court explained that this Court should not exercise supplemental jurisdiction over any state law claims, because the claims for which this Court has original jurisdiction should be dismissed. (*Id.* at PageID 89.)

The Magistrate Court recommended that this Court grant Defendants' motion to dismiss, because Plaintiff fails to state a claim in her complaint for which she could recover. (*Id.*)

## **DISPOSITION**

When a Magistrate Court issues an R&R, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). When reviewing an R&R,

3

> [a] judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b); *accord* Fed. R. Civ. P. 72(b)(3).

And a party objecting to the R&R must do so with enough specificity "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "A general objection that does not identify specific issues from the magistrate's report is not permitted because it renders the recommendations of the magistrate useless, duplicates the efforts of the magistrate, and wastes judicial economy." *Hastings v. Shelby Cty. Gov't*, No. 2:17-cv-02687-SHL-cgc, 2019 WL 3782198, at *1 (W.D. Tenn. Aug. 12, 2019) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). And a party cannot "raise at the district court stage new arguments or issues that were not presented to the magistrate [court]" absent compelling reasons. *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000).

Plaintiff filed a "Motion for an Appeal" in response to the Magistrate Court's R&R. This Court construes that filing as an objection under Federal Rule of Civil Procedure 72(b)(2). (ECF No. 21.) Plaintiff's objection is, at best, general and identifies no specific issues with the report itself. Plaintiff does not object to the R&R, but claims that Defendants violated state laws, which in turn violated federal law and the Fourteenth Amendment. (*Id.*) She claims the school district uses nepotism and discrimination, and she requests that Defendant remove all harmful comments from her personnel file. (*Id.*) She also mentions Title IX problems that happened at other schools that are not the subject of this suit. (*Id.*) Plaintiff's objections do not address issues with the Magistrate Court's R&R, and this Court finds them unpersuasive. What is more, "[t]he filing

of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).

This Court need not review de novo all aspects of an R&R when the party fails to object properly to it. To do so would duplicate the efforts of the Magistrate Court and render such R&R useless. *Hastings*, 2019 WL 3782198, at *1. As a result, the Court finds Plaintiff has not properly objected to the Magistrate Court's findings. And because Plaintiff has failed to object properly to the R&R, the Court need only satisfy itself that there is no clear error on the face of the record to accept the recommendation. Fed. R. Civ. P. 72(b) advisory committee notes. Having reviewed the R&R and the entire record here, the Court finds no clear error on the face of the record.

## CONCLUSION

For all the above reasons, the Court **OVERRULES** Plaintiff's objections (ECF No. 21), and **ADOPTS** the R&R (ECF No. 20). The Court therefore **GRANTS** Defendants' motion to dismiss (ECF No. 16) and **DISMISSES** this action **WITHOUT PREJUDICE**.

**SO ORDERED**, this 11th day of December, 2020.

                                            s/Thomas L. Parker
                                            THOMAS L. PARKER
                                            UNITED STATES DISTRICT JUDGE